Lance D. Orloff (SBN 116070)
Alexis A. Arteaga (SBN 356798)
GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA 92614
Telephone: (949) 660-1600
Facsimile: (949) 660-6060
6080-451

Email: ldo@ggb-law.com; aaa@ggb-law.com; eservice@ggb-law.com

Attorneys for Defendant Los Angeles Auto Wholesalers & Recovery Services, Inc.

**CENTRAL DISTRICT OF CALIFORNIA**

DOUGLAS GALANTER,
Plaintiff,

vs.

LOS ANGELES AUTO WHOLESALERS & RECOVERY SERVICES, INC.,

Defendant.

Case No. 2:23-cv-09466-ODW

**DEFENDANT LOS ANGELES AUTO WHOLESALERS & RECOVERY SERVICES, INC.'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

**[Filed concurrently with Motion for Summary Judgment, or, Alternatively, Partial Summary Judgment; Declaration of Lance D. Orloff; Declaration of Juan Martinez; Index of Documentary Evidence; [Proposed] order]**

Date: April 21, 2025
Time: 1:30 p.m.
Courtroom: 5D

Trial date: August 19, 2025

Defendant Los Angeles Auto Wholesalers & Recovery Services, Inc. hereby submits their Separate Statement of Uncontroverted Facts in support of their Motion for

Summary Judgment, or, Alternatively, Partial Summary Judgment and remand pursuant to Fed. R. Civ. P. 56, 12(b)(1), and Local Rules 56-1 through 56-4.

| DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 1. Plaintiff, Douglas Galanter filed his complaint on November 29, 2023, against Defendant Access Finance and Defendant Los Angeles Auto Wholesalers & Recovery Services Inc. (LAWRSI) seeking damages for alleged violations of the Fair Debt Collection Practices Act, Rosenthal Act, and for Conversion. | Declaration of Lance D. Orloff ("Orloff Decl."), ¶ 3; Index of Documentary Evidence ("IDE") **Exhibit A**. |
| 2. Plaintiff Douglas Galanter entered into his car-title loan with Access Finance, for $20,000. | Orloff Decl., ¶ 3; IDE **Exhibit A**. |
| 3. The loan would be secured by Galanter's 2015 Honda Accord. | Orloff Decl., ¶ 3; IDE **Exhibit A**. |
| 4. On or about July 17, 2023, LAWRSI received a repossession order to repossess Galanter's vehicle on behalf of Access Finance. | Declaration of Juan Martinez ("Martinez Decl.") ¶ 3; IDE **Exhibit B**. |
| 5. According to the repossession assignment, Galanter was | Martinez Decl., ¶ 4; IDE **Exhibit B**. |

| | |
|---|---|
| delinquent on his loan by three months and owed a balance of $4,804.28. | |
| 6. Access Finance provided LAWRSI with two possible addresses for the vehicle: 6755 South Spingpark Avenue, Los Angeles (a condominium) and 8604 Sunset Boulevard, West Hollywood ("HotPilates"). | Martinez Decl., ¶ 5; IDE **Exhibit B**. |
| 7. Galanter never resided at the Springpark Address. | Orloff Decl., ¶ 3; IDE **Exhibit C**. |
| 8. On September 5, 2023, a LAW Recovery tow truck driver, Steven McIntosh ("McIntosh") saw the repossession order for Plaintiff's vehicle in the Recovery Database Network ("RDN"). | Orloff Decl., ¶ 12; IDE **Exhibit J**.<br><br>Deposition of Steven McIntosh ("McIntosh Dep.") 73:16-25. |
| 9. The Springpark address was in McIntosh's assigned patrol area, so McIntosh made his way to the address. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 74:19-21. |
| 10. McIntosh arrived at the Springpark address at approximately 11:45 a.m. on September 5, 2023. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 114:5-15. |
| 11. McIntosh saw Galanter's vehicle parked in an enclosed garage beneath a condominium complex. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 114:16-21. |

| | |
|---|---|
| 12. McIntosh took four photographs of the vehicle and updated the RDN system with the photographs, informing the LAWRSI office that he had located Plaintiff's vehicle. | Orloff Decl., ¶ 12; IDE **Exhibit J**.<br><br>McIntosh Dep. 115:13-15.<br><br>IDE **Exhibit D**. |
| 13. After doing so, McIntosh parked in the alley near the garage gate for approximately 10 to 15 minutes to look for a new repossession order. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 33:14-20, 129:4-7. |
| 14. As McIntosh searched for a new order, a vehicle left the garage, opening the garage gate. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 30:11-18. |
| 15. While the garage gate was open, McIntosh entered the garage and parked his tow truck under the gate. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 58-59: 24-2. |
| 16. McIntosh then went to Galanter's vehicle, gained entry and proceeded to connect Galanter's vehicle to his tow truck. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 59: 8-14. |
| 17. In doing so, McIntosh moved his tow truck, and the garage gate closed. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 63: 7-19. |
| 18. McIntosh used the garage clicker from inside Galanter's vehicle to open the garage gate and exit the garage. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 63: 3-6. |

| | |
|---|---|
| 19. While in the alley, McIntosh took more photos of Galanter's vehicle attached to his tow truck and updated the RDN system. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 117:2-11.<br><br>IDE **Exhibit E**. |
| 20. McIntosh drove Galanter's vehicle back to LAWRSI's yard and filled out a Notice of Seizure and Personal Property Inventory Form at approximately 4:48 p.m. and provided the form to a LAWRSI office worker. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 134-135: 10-2.<br><br>IDE **Exhibit F**. |
| 21. On September 13, 2023, Galanter's vehicle was recovered from LAWRSI by an agent of Access Finance. | Martinez Decl., ¶ 6; IDE **Exhibit G**. |
| 22. The Release Request was signed by Juan Muruato of Access Finance. | Martinez Decl., ¶ 7; IDE **Exhibit G**. |
| 23. LAWRSI never contacted Galanter regarding the debt owed to Access Finance. | Martinez Decl., ¶ 8. |
| 24. LAWRSI never contacted Galanter or his daughter regarding the debt or the location of the collateral. | Martinez Decl., ¶ 9. |
| 25. It has never been part of LAWRSI's practices as a repossession company to attempt to | Martinez Decl., ¶ 10. |

| | |
|---|---|
| collect the debt on behalf of a lender. | |
| 26. Galanter has not produced any evidence as to LAWRSI's skip-tracing services, phone call efforts, or other collections practices that would display an attempt to collect a debtor's payment for their debt or even direct a debtor to pay their lender. | Orloff Decl., ¶ 5. |
| 27. Access Finance hired LAWRSI solely to repossess the collateral that secured its loan to Galanter. | Martinez Decl., ¶ 11; IDE **Exhibit B**. |
| 28. LAWRSI was not hired to collect money from Galanter, and LAWRSI did not collect money from Galanter. | Martinez Decl., ¶ 12. |
| 29. LAWRSI has never collected money on behalf of any lender. | Martinez Decl., ¶ 13. |
| 30. Defendant repossessed Galanter's vehicle without ever encountering Galanter, his daughter, or his ex-wife. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 44:1-23. |
| 31. McIntosh encountered one man who simply asked what he was | Orloff Decl., ¶ 12; IDE **Exhibit J.** |

| | |
|---|---|
| doing, and when McIntosh explained he was towing a car, the man walked away without further inquiry or objection. | McIntosh Dep. 44:1-23. |
| 32. McIntosh did not enter the garage via a break-in, in fact the gate to the communal garage was open when he entered. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 30:11-18. |
| 33. No use of force, or threat of force, occurred during the repossession of Galanter's vehicle. | Orloff Decl., ¶ 12; IDE **Exhibit J.**<br><br>McIntosh Dep. 44:1-23. |
| 34. Galanter produced a receipt billed to the condominium's homeowner's association for new brackets, new chain, and new remotes with regard to the condominium gate dated October 10, 2022, approximately eleven months prior to the date of repossession. | Orloff Decl., ¶ 6; IDE **Exhibit H**. |
| 35. Galanter's ex-wife, a resident of the condominium complex, also provided Galanter with photos of the disrupted gate motor. | Orloff Decl., ¶ 7; IDE **Exhibit I**. |
| 36. Galanter's ex-wife's text messages were sent two days after the | Orloff Decl., ¶ 8; IDE **Exhibit I**. |

| | |
|---|---|
| repossession and no evidence has been produced to connect this gate mechanism to McIntosh or his repossession of Galanter's vehicle. | |
| 37. Galanter has produced no evidence to display that McIntosh himself, or any of LAWRSI's agents caused the gate to break. | Orloff Decl., ¶ 9. |
| 38. Galanter has produced no evidence that Defendant or its employees regularly engage in debt collection by actively directing debtors to pay their notes. | Orloff Decl., ¶ 10. |
| 39. Galanter alleges that LAWRSI is a debt collector within the meaning of Cal. Civ. Code § 1788.2(c) and violated the Rosenthal Act by "using criminal means to cause harm to the property of plaintiff." | Orloff Decl., ¶ 3; IDE **Exhibit A**. |
| 40. Galanter alleges that LAWRSI committed the crime of trespass and vandalism in entering and damaging the garage gate. | Orloff Decl., ¶ 3; IDE **Exhibit A**. |
| 41. No evidence has been produced to display any property of Galanter | Orloff Decl., ¶ 11. |

| was harmed before, during, or after this repossession occurred. | |
|---|---|

DATED: March 24, 2025

GRANT, GENOVESE & BARATTA, LLP

By: ______________________________

LANCE O. ORLOFF
ALEXIS A. ARTEAGA
Attorneys for Defendant Los Angeles Auto Wholesalers & Recovery Services, Inc.