Lance D. Orloff (SBN 116070)
Alexis A. Arteaga (SBN 356798)
GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA  92614
Telephone:  (949) 660-1600
Facsimile:   (949) 660-6060
6080-451

Email: ldo@ggb-law.com; aaa@ggb-law.com; eservice@ggb-law.com

Attorneys for Defendant, Los Angeles Auto Wholesalers & Recovery Services, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS GALANTER,<br><br>    Plaintiff,<br><br>vs.<br><br>LOS ANGELES AUTO WHOLESALERS & RECOVERY SERVICES, INC.,<br><br>    Defendant. | Case No. 2:23-cv-09466-ODW<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>Date: May 12, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5D<br><br>Trial: August 19, 2025 |

TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on May 12, 2025, Defendant, Los Angeles Auto Wholesalers & Recovery Services, Inc. move, pursuant to Federal Rule of Civil Procedure 56, for an order granting summary judgment, or, alternatively, partial summary judgment, in favor of Defendant and against Plaintiff Douglas Galanter of the following issues:

1  <u>Issue No. 1</u>: Defendant is not liable under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

<u>Issue No. 2</u>: If Issue No. 1 is adjudicated, the Court either may adjudicate plaintiff's state-law conversion claim or dismiss it, because there is no subject-matter jurisdiction. 28 U.S.C. § 1367(c)(3).

There are no triable issues of fact in this case. Accordingly, the action against Defendant has no merit, and they are entitled to summary judgment as a matter of law.

This Motion is based upon this notice, the attached Memorandum of Points and Authorities, the Declarations of Lance D. Orloff, Juan Martinez, and Steven McIntosh filed concurrently herewith, the Separate Statement of Uncontroverted Facts filed concurrently herewith, all exhibits, papers, pleadings, and documents filed herein, and upon all further oral and documentary evidence as may be presented at the time of the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7–3 which took place on Friday, March 14, 2025.

DATED:  March 25, 2025                    GRANT, GENOVESE & BARATTA, LLP

By: _____
    Lance D. Orloff
    Alexis A. Arteaga
    Attorneys for Defendant Los Angeles Auto
    Wholesalers & Recovery Services, Inc.

## Table of Contents

I. Introduction ..........................................................................................................1

II. Statement of Facts ..............................................................................................2

III. Defendant Did Not Violate the Fair Debt Collections Practice Act ...............3

   A.  Defendant is not a debt collector. ..................................................................4

   B.  Defendant had a "present right of possession" of Plaintiff's vehicle and did not breach the peace in the repossession of the vehicle. ..........................................6

   C.  Defendant proceeded lawfully under California Commercial Code § 9609. ...7

      1.  Defendant proceeded lawfully under California law. .................................10

      2.  Defendant's repossession of Plaintiff's vehicle was complete prior to any possible breach of the peace. ..................................................................................12

IV. Defendant Did Not Violate the Rosenthal Fair Debt Collection Practices Act. ........12

V. Defendant Did Not Convert Plaintiff's Vehicle. ...............................................13

Certificate of Compliance ......................................................................................14

Table of Authorities

**Cases**

Brooks v. Leon's Quality Adjusters, Inc.
No. 1:15-CV-000965-JLT, 2016 WL 4539967
(E.D. Cal. 2016)……………………………………………………….......4, 5, 6, 7, 9, 10, 12

Clark v. Auto Recovery Bureau Conn., Inc.
889 F.Supp. 543 (D. Conn. 1994)……………………………………………………..6

Hartford Financial Corp. v. Burns
96 Cal. App. 3d 591 (1979)…………………………………………………………….9

Henderson v. Security Nat'l Bank
72 Cal. App. 3d 764 (1977)…………………………………………………..8, 9, 13

Hester v. Brandy
672 So.2d 833 (Miss. 1993)…………………………………………………………..10

James v. Ford Motor Credit Co.
842 F.Supp. 1202 (D. Minn. 1994)……………………………………………….6, 12

Jenkins v. Heintz
25 F.3d 536 (7th Cir. 1994)……………………………………...…………….………4

Jordan v. Kent Recovery Serv., Inc.
731 F.Supp. 652 (D. Del. 1990)…………………………………………………….....5

Montgomery v. Huntington Bank
346 F.3d 693 (6th Cir. 2003)…………………………………………………………..4

Moore v. Regents of the Univ. of Cal.
51 Cal. 3d 120 (1990)………………………………………………………………...13

People v. Wilkinson
248 Cal. App. 2d Supp. 906 (1967)……………………………………..……………10

Ralphs Grocery Co. v. Victory Consultants, Inc.
17 Cal. App. 5th 245 (2017)…………………………………………………….……11

Romine v. Diversified Collection Servs., Inc.
155 F.3d 1142 (9th Cir. 1998)…………………………………………………..……4

Schlegel v. Wells Fargo Bank, N.A.
720 F.3d 1204 (9th Cir. 2013)…………………………………………………………..4

Pflueger v. Auto Finance Group, Inc.
No. CV-97-9499 CAS(CTZ), 1999 WL 33740813
(C.D. Cal. April 26, 1999)…………………………………………………….……….7

Williams v. Ford Motor Co.
673 F.2d 717 (8th Cir. 1982)……………………...……………………………….…...7

**Statutory Authorities**
15 U.S.C. § 1692a(6)……………………………………………………………….....3, 4
15 U.S.C. § 1692f(6)…………………………………………………………….3, 6, 7, 14
Cal. Bus. & Prof. Code § 7507.12……………………………………………………….12
Cal. Bus. & Prof. Code § 7507.12(a)…………………………………………………....12
Cal. Bus. & Prof. Code § 7508.2(d)………………………………………………...10, 12
Cal. Civ. Code § 1788.2(c)……………………………………………………………12, 13
Cal. Civ. Code § 1788.2(d)……………………………………………………….…...13
Cal. Com. Code § 9609……………………………………………………………….....3
Cal. Com. Code § 9609(a)……………………………………………………………….7
Cal. Com. Code § 9609(b)……………………………………………………………….7
Penal Code, § 602(l)………………………………………………………………….10

**Rules and Regulations**
California Civil Jury Instruction No. 2100……………….…..…………………….....13
C.D. Cal. L.R. 11-6.1…………………………………………………………….....…14

# I. Introduction

This case arises from the repossession of Plaintiff Douglas Galanter's vehicle after he defaulted on his car-title loan. Galanter entered into a loan agreement with Access Finance a now-settled co-defendant for $20,000, secured by Galanter's 2015 Honda Accord. By July 2023, Galanter had fallen three months behind on his payments, accruing a delinquent balance of over $4,000. As a result, Access Finance hired Defendant, Los Angeles Auto Wholesalers & Recovery Services Inc., (LAWRSI) to enforce Access's security interest and repossess the Accord.

On September 5, 2023, LAWRSI's tow-truck employee, Steven McIntosh, located Galanter's Accord at one of two addresses provided by Access Finance. Galanter's vehicle was parked in a condominium complex's communal parking lot. Galanter's ex-wife and daughter lived in a condominium unit there. The parking lot has a gate, that is opened by vehicles moving in and out of the garage. When a vehicle exited the parking lot, and while the gate was open, McIntosh entered and repossessed Galanter's vehicle without incident. McIntosh then used the remote in Galanter's vehicle to open the gate and exit with Galanter's vehicle in tow. McIntosh himself describes the repossession as a standard hook-and-book operation; there is no evidence of consequential damage to any property or confrontation during the repossession.

Galanter sued both Access and LAWRSI under 15 U.S.C. § 1692. Galanter settled with Access for consideration that made him whole, which this Court deemed a good-faith settlement. Galanter now continues his lawsuit against LAWRSI to recover attorney's fees, which he is not entitled to under 15 U.S.C. § 1692(k).

LAWRSI is now entitled to summary judgment because: 1) LAWRSI is not a "debt collector" under the FDCPA or Rosenthal Act; 2) Access had a present right to possession of Galanter's vehicle; and 3) LAWRSI conducted the repossession lawfully, quietly, and without a breach of the peace. Cal. Com. Code § 9609. There remain no material issues of fact. Summary judgment should be granted in LAWRSI's favor.

## II. Statement of Facts

The facts of this case are straightforward. Galanter entered into his car-title loan with Access Finance, a now-settled co-defendant, for $20,000. (SSUF No. 2). The loan would be secured by Galanter's 2015 Honda Accord. (SSUF No. 3).

On or about July 17, 2023, LAWRSI received a repossession order to repossess Galanter's vehicle on behalf of Access Finance. (SSUF No. 4). According to the repossession assignment, Galanter was delinquent on his loan by three months and owed a balance of $4,804.28. (SSUF No. 5). Access Finance provided two addresses within the repossession order, one for a business named HotPilates, where Galanter's daughter worked, and another for 6755 South Springpark Avenue, Los Angeles, CA 90056, where his ex-wife and daughter resided. (SSUF No. 6).

On September 5, 2023, a LAWRSI tow-truck driver, Steven McIntosh saw the repossession order for Galanter's vehicle in the Recovery Database Network ("RDN"). (SSUF No. 8). The Springpark address was in McIntosh's assigned patrol area, so McIntosh made his way to the address. (SSUF No. 9). McIntosh arrived at the Springpark address at approximately 11:45 a.m. on September 5, 2023. (SSUF 10). McIntosh saw Galanter's vehicle parked in an enclosed garage beneath a condominium complex. (SSUF No. 11). He took four photographs of the vehicle and updated the RDN system with the photographs, informing the LAWRSI office that he had located Galanter's vehicle. (SSUF No. 12). After doing so, McIntosh parked in the alley near the garage gate for approximately 10 to 15 minutes to look for a new repossession order. (SSUF No. 13). As McIntosh searched for a new order, a vehicle left the garage, opening the garage gate. (SSUF No. 14). While the garage gate was open, McIntosh entered the garage and parked his tow truck under the gate. (SSUF No. 15). McIntosh then went to Galanter's vehicle, gained entry and proceeded to connect Galanter's vehicle to his tow truck. (SSUF No. 16). In doing so, McIntosh moved his tow truck, and the garage gate closed. (SSUF No. 17). McIntosh used the garage clicker from inside Galanter's vehicle to open the garage gate and exit the garage. (SSUF No. 18). While in the alley, McIntosh took more photos of

Galanter's vehicle attached to his tow truck and updated the RDN system. (SSUF No. 19). McIntosh drove Galanter's vehicle back to LAWRSI's yard and filled out a Notice of Seizure and Personal Property Inventory Form at approximately 4:48 p.m. and provided the form to a LAWRSI office worker. (SSUF No. 20).

On September 13, 2023, Galanter's vehicle was recovered from LAWRSI by an agent of Access Finance. (SSUF No. 21). The Release Request was signed by Juan Muruato of Access Finance. (SSUF No. 22). This lawsuit ensued. (SSUF No. 1).

### III. Defendant Did Not Violate the Fair Debt Collections Practice Act

Galanter alleges that LAWRSI violated 15 U.S.C. § 1692f(6) under the FDCPA, which requires unfair or unconscionable means:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (6) Taking or threatening to take any nonjudicial action to effect dispossession … of property if - (A) there is not present right to possession the property claimed as collateral through an enforceable security interest[.]

15 U.S.C. § 1692f(6). In this case, Galanter's claim fails because: (1) LAWRSI is not a "debt collector" as defined by 15 U.S.C. § 1692a(6); (2) LAWRSI had a "present right to possession of Galanter's vehicle; and (3) under California Commercial Code § 9609, LAWRSI did not cause a "breach of the peace."

**A. Defendant is not a debt collector.**

Under the statute, a "debt collector" is a creditor that loans money to a debtor under a contract requiring the debtor to pay back the loan with interest:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, use any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6) [15 USCS § 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6); *Schlegel v. Wells Fargo Bank,* 720 F.3d 1204, 1208 (9th Cir. 2013).

The determination of whether a party is a "debt collector" under the FDCPA, "depend[s] upon the nature of the activities in the individual case," not whether a party calls itself a debt collector or a collection agency. *Romine v. Diversified Collection Servs., Inc.*, 155 F.3d 1142, 1149 (9th Cir. 1998). The definition of a debt collector is analyzed by courts on a case-by-case basis; however, multiple cases support the basic contention that repossession companies on their own are not within the FDCPA definition of a debt collector. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) ("[A] repossession agency…does not fall within the definition of a 'debt collector'"); *Jordan v. Kent Recovery Serv., Inc.*, 731 F.Supp. 652, 656 (D. Del. 1990) ("[A]n enforcer of a security interest, such as a repossession agency, falls outside the ambit of the FDCPA for all purposes, except for purposes of § 1692f(6).").

The Eastern District of California ruled against Galanter's counsel on this very legal issue. *Brooks v. Leon's Quality Adjusters, Inc.*, 2016 WL 4539967 (E.D. Cal. 2016). In *Brooks*, the court found that despite the repossession company employee's directing debtors to pay their debts or produce the collateral on occasion, this was not enough to define the repossession company as a "debt collector" as there was no evidence to display this was a company policy, or how often this even occurred. *Id*. at *11. Here, LAWRSI did even less than the repossession agents in *Brooks*. LAWRSI never contacted Galanter regarding the debt owed to Access Finance. (SSUF No. 23). LAWRSI never contacted Galanter or his daughter regarding the debt or the location of the collateral. (SSUF No. 24). It has never been part of LAWRSI's practices as a repossession company to attempt to collect the debt on behalf of a lender. (SSUF No. 25). Galanter has not produced, as none exists, any evidence as to LAWRSI's skip-tracing services, phone call efforts, or other collections practices that would display an attempt to collect a debtor's payment for their debt or even direct a debtor to pay their lender. (SSUF No. 26).

Galanter wrongly argues that LAWRSI is a debt collector due to the use of "spotter" vehicles, meant to assist repossession agents in locating collateral by "spotting" it while in public. But spotter vehicles assist in locating the defaulted vehicle, not in an attempt to collect the debt owed by the debtor, but to repossess the collateral as they've been tasked to do by the lender. As the Eastern District Court held, "Repossession agents merely collect[ed] the collateral rather than the debt and are not debt collectors as applied to provisions under than Section 1692(f)." *Id*. at *11.

In the present case, Access Finance hired LAWRSI solely to repossess the collateral that secured its loan to Galanter. (SSUF No. 27). LAWRSI was not hired to collect money from Galanter, and LAWRSI did not collect money from Galanter. (SSUF No. 28). LAWRSI simply repossessed Galanter's car, the collateral that secured the loan with Access Finance. Further, LAWRSI has never collected money on behalf of any lender. (SSUF No. 29). Thus, LAWRSI has never engaged in the practice of debt collection.

**B. Defendant had a "present right of possession" of Plaintiff's vehicle and did not breach the peace in the repossession of the vehicle.**

Significantly, only for the purposes of 15 U.S.C. § 1692f(6) of the FDCPA, the term 'debt collector' expands to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692f(6) prohibits: "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if – (a) there is no present right to possession of the property claimed as collateral through an enforceable security interest;" and "(c) the property is exempted by law from such dispossession or disablement."  Therefore, the issue for the Court is whether Defendant had a "present right of possession" and/or if Plaintiff's vehicle was exempted by law from such "dispossession or disablement."

To determine whether either contention may apply, the Court must look to state law regarding security interests. *James v. Ford Motor Credit Co.*, 842 F.Supp. 1202, 1207 (D. Minn. 1994), aff'd, 47 F.3d 961 (8th Cir. 1995); *Clark v. Auto Recovery Bureau Conn., Inc.*, 889 F.Supp. 543, 546 (D. Conn. 1994); *Brooks,* 2016 WL 4539967 at *12. Here, Galanter is unable to demonstrate a breach of the peace occurred, and that LAWRSI did not have a present right of possession. When LAWRSI repossessed Galanter's vehicle, it enforced the rights in the secured property held by Access Finance. As LAWRSI proceeded without a breach of the peace, Galanter is unable to establish a violation of Section 1692f(6).

## C. Defendant proceeded lawfully under California Commercial Code § 9609.

Under California law, provisions of the California Commercial Code govern the circumstances under which a secured party has the right to repossession. Specifically the Commercial Code provides that, "[a]fter default, a secured party may do both of the following: (1) [t]ake possession of the collateral [and] (2) [w]ithout removal, render equipment unusable and dispose of collateral on the debtor's premises." Cal. Com. Code § 9609(a). A secured party may take possession of the collateral either pursuant to a judicial process, or "[w]ithout judicial process, if it proceeds without a breach of the peace." Cal. Com. Code § 9609(b). As noted in the "Official Comments" on the Commercial Code, "th[e] section does not define or explain the conduct that will constitute a breach of the peace, leaving that matter for continuing development by the courts." *Brooks*, 2016 WL 4539967 at *12. But courts uniformly require a "breach of the peace" to involve incidents that tend to provoke violence. *Williams v. Ford Motor Co.*, 674 F.2d 717, 719–720 (8th Cir. 1982).

In *Williams*, a district court jury awarded $5,000 to a plaintiff, whose vehicle was repossessed 4:30 a.m. amid "noises in her driveway." *Id.* at 720. But the district court rendered judgment notwithstanding the verdict because no breach of the peace occurred:

> Mrs. Williams herself admitted that the men who repossessed her automobile were very polite and complied with her requests [to retrieve personal items from inside it]. The evidence does not reveal that they performed any act which was oppressive, threatening or tended to cause physical violence.

*Id.* at 719. The Eighth Circuit affirmed, because there was no heated confrontation or threatened violence. *Id.* at 720 ("There is no material dispute in the evidence, and the district court correctly summarized it.").

Judge Snyder of this District directly followed the Eighth Circuit's decision in *Williams*, which is instructive as a direct opposite of this case. *Pflueger v. Auto Finance Group, Inc.*, No. CV-97-9499 CAS(CTX), 1999 WL 33740813 (C.D. Cal. April 26, 1999). In *Pflueger*, plaintiffs breached a car-loan agreement in their purchase of an automobile and gave defendant a security interest in the automobile. "Plaintiffs became delinquent in their payments to Auto Finance. Auto Finance engaged the services of California Coastal to repossess the car." *Id*. at *1. When Coastal attempted to obtain the keys to the vehicle, plaintiffs were not home, but plaintiff's teenage son "heard yelling and screaming…and saw two large men outside who continued to hit the window and throw rocks at the side of the apartment house. The men yelled profanities…and demanded that he open the door." *Id*. at *2.

Plaintiffs sued both Auto Finance and California Coastal. California Coastal moved for summary judgment. Judge Snyder denied the motion because of disputed facts that California Coastal "breached the peace":

> California statutes and caselaw do not define "breach of peace." However, other cases involving repossession companies have found that incidents which tend to provoke violence can be considered a "breach of peace." In the present case, there appear to be disputed factual issues concerning whether or not a breach of peace in fact occurred[.]

*Id*. at *6 (citation omitted).

This case is the exact opposite. Here, LAWRSI did not contact Galanter, throw rocks at plaintiff's house, or yell profanities. In fact, Galanter, his ex-wife, and/or daughter were not present when LAWRSI repossessed the vehicle that secured Galanter's car loan. (SSUF No. 30). LAWRSI repossessed the car without incident from an unguarded and unsecured condominium parking lot. In this case, therefore, there are no disputed facts of breach of the peace.

In contrast, the court in *Henderson v. Security Nat'l Bank,* 72 Cal. App. 3d 764, 770 (1977), found a breach of the peace occurred when defendant repossession company damaged property and committed an unlawful entry upon locked private property in repossessing plaintiff's vehicle. In *Henderson*, defendant went to plaintiff's home and broke a lock on his garage door to gain access to the collateral. *Id*. Notably, the Court in *Henderson* noted that only the unlawful entry by breaking the lock on the garage door constituted a conversion and was therefore a breach of the peace. *Id*. "The only rule of law to be deduced from *Henderson* is simply that the right to immediate possession by a secured party upon default must be effectuated through judicial action rather than self-help if force or threats of force are necessary to secure possession of the collateral without judicial intervention" *Id*. at 600.

Here, unlike in *Williams*, LAWRSI repossessed Galanter's vehicle without ever encountering Galanter, his daughter, or his ex-wife. (SSUF No. 30). McIntosh encountered one man who simply asked what he was doing, and when McIntosh explained he was towing a car, the man walked away without further inquiry or objection. (SSUF No. 31). Also, unlike in *Henderson*, McIntosh did not enter the garage via a break-in; in fact, the gate to the communal garage was open when he entered. (SSUF No. 32). McIntosh utilized Plaintiff's garage clicker to open the gate back up when exiting and thus completed the repossession without issue. (SSUF No. 18). No use of force, or threat of force, occurred during the repossession of Plaintiff's vehicle. (SSUF No. 33).

Mere entry upon the property of another or a trespass, to take possession of property is not sufficient to establish a breach of the peace occurred. *Brooks*, 2016 WL 4539967, at *14. The court in *Brooks* noted that if mere trespass were sufficient to determine whether a breach of the peace occurred, all debtors would simply adjust their storage needs, "any debtor who is informed that a vehicle will be repossessed could simply place "no trespassing" and "no repo vehicles" sigs on their property, or the property of third parties where the vehicles were parked, to thwart repossession without judicial intervention." *Id*.

Despite the Eastern District of California's rebuke of Galanter counsel's similar arguments here in *Brooks*, McIntosh's waiting in the alley adjacent to the garage for an opportunity to enter the garage is not breach of the peace. No California cases support this theory that "stealth or deception" may support a claim for breach of the peace. Once more, the California cases which discuss a breach of the peace all support a finding that the *use of force* is what determines whether a violation occurred, "it does not appear that the court considered the trickery was a breach of the peace, but rather only the force used by the repossession agents." *Brooks*, 2016 WL 4539967, at *15 (discussing the repossession agents in *Hester v. Brandy*, 627 So.2d 833, 841 (Miss. 1993) forcibly pulling over a debtor to obtain the vehicle). In *Brooks*, the court made clear that without voiced objections during the repossession itself, or force exerted (such as the moving of another vehicle or breaking a lock) to execute the repossession, a breach of the peace has not occurred. *Brooks*, 2016 WL 4539967, at *16. As no such objections or force occurred amidst the Defendant's repossession, this claim is unsupported.

### 1. **Defendant proceeded lawfully under California law.**

When collecting collateral, a prohibited action under California law is, "Unlawfully entering any private building or secured area without the consent of the owner, or of the person in legal possession thereof, at the time of repossession." Cal. Bus. &Prof. Code § 7508.2(d) But in this case, LAWRSI never entered a secured private area. Instead, LAWRSI's tow-truck driver entered an unsecured condominium garage, and mere entrance into property belonging to another is insufficient to establish trespass: "It is not a violation…to enter private property without consent unless such entry is followed by occupation thereof without consent." *People v. Wilkinson*, 248 Cal.App.2d Supp. 906, 910 (1967).

In this case, LAWRSI's tow-truck driver entered an *open* condominium parking garage. (SSUF No. 32). Without admissible evidence, Galanter argues that McIntosh used heavy tools to damage the gate, remove the gate's chains, and damage the gate's

electric motor to gain access. In discovery, Galanter produced a receipt billed to the condominium's HOA for new brackets, new chain, and new remotes dated October 10, 2022, *eleven months* before LAWRSI repossessed Galanter's Accord that Galanter was hiding at his ex-wife's condominium garage. (SSUF No. 34). Galanter's ex-wife, a condominium resident, also provided Plaintiff with photos of the parking-garage-gate mechanism. (SSUF No. 35). But these photographs were taken two days after the repossession, and no evidence connects McIntosh or his repossession of Plaintiff's vehicle to the allegedly damaged gate mechanism. (SSUF No. 36). And Galanter's assertions that McIntosh breached the peace by manually destroying the gate mechanism are impeached by McIntosh's unrefuted testimony that the gate's mechanism properly and normally reopened the gate to permit McIntosh to exit with Plaintiff's car in tow. (SSUF No. 37).

Galanter's accusation, without evidence, that McIntosh trespassed into the condominium's parking garage where Galanter was hiding his vehicle is also disproved by California law: The elements of trespass are: (1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal.App.5th 245, 262 (2017). Galanter never resided at the condominium garage where he hid his vehicle. (SSUF No. 7). And because Galanter had defaulted on his car loan, he had no legal right to possess the vehicle he surreptitiously parked in his ex-wife's parking lot. McIntosh's entry into the ex-wife's parking garage to repossess the vehicle forfeited his right to possess is no violation of Cal. Bus. and Prof. Code § 7508.2(d) or any other California law.

### 2. Defendant's repossession of Plaintiff's vehicle was complete prior to any possible breach of the peace.

By California statute, "repossession is complete if any of the following occurs: (1) The repossessor gains entry to the collateral. (2) The collateral becomes connected to…the repossessor's tow vehicle[.]" Cal. Bus. & Prof. Code § 7507.12(a). "Once repossession is complete, objections after the fact do not constitute a breach of the peace that removes the present right of possession." *James v. Ford Motor Credit Co.*, 842 F.Supp. 1202 (D. Minn. 1994), aff'd, 47 F.3d 961 (8th Cir. 1995).

In this case, LAWRSI completed repossession of Galanter's vehicle as soon as McIntosh connected the vehicle to their tow truck. This occurred without Galanter's interference. (SSUF No. 30). As no objections were made prior to the completion of the repossession, and no breach of the peace occurred in an attempt to repossess Galanter's vehicle, the repossession does not subject LAWRSI to a violation of the FDCPA.

### IV. Defendant Did Not Violate the Rosenthal Fair Debt Collection Practices Act.

California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") is the state counterpart to the FDCPA. Like the FDCPA, a defendant must fall within the Rosenthal Act's definition of a "debt collector" to be held liable for a potential Rosenthal Act violation. Under the Rosenthal Act, a "debt collector" is defined as, "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). The term "debt" is defined as, "money, property, or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Cal. Civ. Code § 1788.2(d). Therefore, a "debt" does not include the enforcement of security interests.

Similarly to *Brooks*, LAWRSI is a repossession company directed to collect collateral rather than a "debt collector". Galanter has produced no evidence that LAWRSI or its employees regularly engage in debt collection by actively directing debtors to pay their notes. (SSUF No. 39). Galanter alleges that LAWRSI is a debt collector within the meaning of Cal. Civ. Code § 1788.2(c) and violated the Rosenthal Act by "using criminal

means to cause harm to the property of plaintiff." (SSUF No. 39). Galanter alleges that LAWRSI committed the crime of trespass and vandalism in entering and damaging the garage gate. (SSUF No. 40). No evidence has been produced to this effect, no property of Galanter was harmed before, during, or after this repossession occurred. (SSUF No. 41). Similarly to Galanter's FDCPA claim, LAWRSI did not violate the Rosenthal Act.

### V. Defendant Did Not Convert Plaintiff's Vehicle.

To succeed on a conversion claim, Plaintiff is required to demonstrate the following: 1) Plaintiff owned/possessed/had a right to possess the vehicle; 2) Defendant intentionally and substantially interfered with Plaintiff's vehicle by taking possession; 3) Plaintiff did not consent; 4) Plaintiff was harmed; and 5) Defendant's conduct was a substantial factor in causing Plaintiff's harm. CACI No. 2100. "To establish conversion, plaintiff must establish an actual interference with his ownership or right of possession… Where plaintiff has neither title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion." *Moore v. Regents of the Univ. of Cal.*, 51 Cal.3d 120, 36 (1990). Further, in a repossession case, there is conversion if force or threats of force are used to secure possession of the vehicle. *Henderson v. Security Nat'l Bank*, 72 Cal. App. 3d 764, 770 (1977).

Here, Galanter did not have a right to possession of the vehicle. Galanter became delinquent on his payments with Access Finance. (SSUF No. 5). Access Finance notified LAWRSI of Galanter's delinquency and invoked their right to repossession of the collateral. (SSUF No. 4). LAWRSI conducted their repossession without interference of Galanter, and utilized no force or threats of force in obtaining possession of the vehicle. (SSUF No. 34). Therefore, no breach of the peace occurred during the repossession of Galanter's vehicle. In sum, Galanter had no right to possess the vehicle once he became delinquent, and Access Finance hired LAWRSI to repossess the collateral that secured the loan- Galanter's vehicle. With no evidence of a breach of the peace, Galanter is not entitled to succeed on the conversion claim.

As such, without satisfying the first element of a conversion claim, this should grant summary judgment.

## Certificate of Compliance

The undersigned, counsel of record for Los Angeles Auto Wholesalers & Recovery Services, Inc., certifies that this memorandum of points and authorities contains 4,271 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 25, 2025    GRANT, GENOVESE & BARATTA, LLP

By: _____
Lance O. Orloff
Alexis A. Arteaga
Attorneys for Defendant Los Angeles Auto
Wholesalers & Recovery Services, Inc.