ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (800) 616-9325
Facsimile: (800) 616-9325
Email: alec@hush.com

Attorneys for Plaintiff
DOUGLAS GALANTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS GALANTER,<br><br>Plaintiff,<br><br>vs.<br><br>ACCESS FINANCE, INC., and LOS ANGELES AUTO WHOLESALERS & RECOVERY SERVICES, INC.,<br><br>Defendants. | Case No: 2:23-cv-09466 ODW (SSCx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(3) CONVERSION** |

Plaintiff Douglas Galanter hereby complains against defendants Access Finance, Inc. ("Access"), and Los Angeles Auto Wholesalers & Recovery Services, Inc. ("LAW Recovery"), and alleges as follows:

## OPERATIVE FACTS

1. Plaintiff entered into a $20,000 car title loan with defendant Access on or about July 29, 2020. Plaintiff intended to use the proceeds of the loan primarily for personal, family, or household purposes. The loan carried an interest rate of 24%, and was secured by plaintiff's 2015 Honda Accord. The loan is governed by the California Financing Law, at Financial Code §§ 22000 et seq. (hereinafter "CFL").

2. Defendant Access, either directly or indirectly, hired defendant LAW Recovery to repossess plaintiff's Honda Accord. LAW Recovery repossessed plaintiff's vehicle on or about September 5, 2023, by entering private property, which was secured by a closed and locked security gate, without the owner's permission. Accordingly, defendant LAW Recovery breached the peace in conducting the repossession of plaintiff's vehicle, in violation of California Commercial Code § 9609(b) and the Collateral Recovery Act, California Bus. & Prof. Code § 7508.2(d).

3. In further violation of the Collateral Recovery Act, at Bus. & Prof. Code §§ 7507.9 and 7507.10, LAW Recovery failed to notify plaintiff in writing of the seizure of the vehicle within 48 hours, and failed to mail him a written inventory of the personal items it had seized.

4. After the repossession, defendant Access issued plaintiff a written "Notice of Our Plan To Sell Property" letter ("NOI"), dated September 22, 2023, and mailed it to plaintiff from Los Angeles, California. A true and correct copy of the NOI is attached hereto as Exhibit 1.

5. In its NOI, Access denied plaintiff the right to reinstate the contract and accelerated the account balance, demanding payment in full in the amount of

1

$14,590.65. This violated Financial Code § 22329(c), which affords the consumer the right to reinstate and continue with the contract after repossession unless the lender has a good faith belief that one of six exceptions apply to that particular consumer. The NOI unlawfully denied plaintiff reinstatement in violation of Financial Code § 22329(c), by falsely stating that "You, any other person liable on the contract, or any permissive user in possession of the motor vehicle, in order to avoid repossession, has concealed the motor vehicle or removed it from the state."

6. This statement by Access in its NOI was false. Neither plaintiff nor any other person liable on the loan had concealed the vehicle, nor removed it from the state, in order to avoid repossession. Moreover, Access had no reasonable, good faith belief that any such thing had occurred.

7. In addition to violating Financial Code § 22329(c), Access violated the following other requirements of the CFL in its NOI:

(a) Access demanded payment of storage fees in order to redeem, which were not permitted by Financial Code § 22329(e);

(b) Access demanded payment of "collection costs" of $675 in order to redeem, which were not permitted by Financial Code § 22329(e);

(c) Access demanded payment of a certified mail fee of $9.01 in order to redeem, which was not permitted by Financial Code § 22329(e);

(d) Access demanded payment of $495 in repossession expenses in order to redeem, which were not permitted by Financial Code § 22329(e);

(e) Access demanded payment of excessive late fees, in violation of Financial Code § 22329(e)(1);

(f) in violation of Financial Code § 22328(b)(3), the NOI failed to state that any request to extend the redemption period by ten days had to be in writing;

(g) in violation of Financial Code § 22328(b)(1), the NOI failed to correctly itemize the loan balance and any costs or fees authorized by the CFL; and

(h) the contract contains unconscionable provisions in violation of Financial

2

1 | Code § 22302.

2 | 8. The legal result of defendant Access' violations of the CFL is threefold: (1) if Access' violations were willful, the underlying loan is entirely void pursuant to Financial Code § 22750, and Access has no right to collect and forfeits any principal, charges, or recompense in connection with the transaction; (2) if Access' violations were not willful, Access forfeited any right to interest on the loan and charges or fees, pursuant to Financial Code § 22751(a), and may collect only the principal amount of the loan; and (3) Access lost the right to collect a deficiency balance, pursuant to Financial Code §§ 22329(f) and 22328(b).

9. Plaintiff is informed and believes, and on that basis alleges, that Access' violations of the CFL were willful.

10. After receiving notice of this lawsuit, Access sued plaintiff on a cross-claim for breach of contract. The cross-claim violated the Rosenthal Fair Debt Collection Practices Act in the following ways:

(a) Access sued plaintiff on a debt he does not owe due to the anti-deficiency and forfeiture provisions of the CFL;

(b) Access sued plaintiff to collect debt-related expenses which were not permitted by law, including interest, repossession fees, and late fees;

(c) Access sued plaintiff to collect fees which were not permitted by its agreement with plaintiff or by law, including repossession fees and late fees;

(d) Access sued plaintiff to collect loan principal which it could not collect pursuant to Financial Code § 22750;

(e) Access sued plaintiff to collect interest and other charges which it could not collect pursuant to Financial Code § 22751(a);

(f) Access falsely stated in the cross-claim that "There is currently a balance of $14,518.15" owed by plaintiff;

(g) Access falsely stated in the cross-claim that the remaining principal balance due under the loan is $11,158.73;

3

(h) Access falsely stated in the cross-claim that plaintiff owes $2,615.41 in unpaid finance charges;

(i) Access falsely stated in the cross-claim that plaintiff owes $240 in late fees, when he owes less than this amount;

(j) Access falsely stated in the cross-claim that plaintiff owes $504.01 in repossession fees and costs; and

(k) Access stated its intent to "liquidate" plaintiff's vehicle after it had lost its security interest in the vehicle, and when plaintiff no longer owed Access any debt.

11. Access' violations in its cross-claim, of the CFL and the Rosenthal Act, were willful.

12. Access' President Avishai Shraga has refused plaintiff's demand to return his vehicle and the principal and interest paid under the title loan, while knowing that Access violated the CFL and that Access is legally barred from retaining plaintiff's property and money.

**JURISDICTION AND VENUE**

13. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants reside in this district.

**PARTIES**

15. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

16. Defendant Access Finance, Inc. is a California corporation with its headquarters in Los Angeles, California.

17. Defendant Los Angeles Auto Wholesalers & Recovery Services, Inc. is a California corporation with its headquarters in Los Angeles, California.

4

## FIRST CAUSE OF ACTION
**(Against Defendant LAW Recovery for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

18. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

19. Plaintiff is a "consumer" who allegedly owed a "debt", and defendant is a "debt collector", as those terms are defined at 15 U.S.C. § 1692a. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

20. Defendant violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

21. Plaintiff is entitled to any actual damages sustained by him as a result of defendant's conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

22. Plaintiff is entitled to $1,000 in statutory damages against defendant pursuant to 15 U.S.C. § 1692k. Defendant committed its violations willfully and knowingly, and has frequently and persistently failed to comply with the FDCPA. The nature of defendant's violations justifies the maximum statutory damages award available.

23. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

24. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

5

25.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

26.     Plaintiff is a "debtor" within the meaning of Cal. Civ. Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Cal. Civ. Code § 1788.2(d).

27.     The defendants at all times relevant herein were "debt collectors" within the meaning of Cal. Civ. Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

**Defendant Law Recovery's Rosenthal Act Violations**

28.     Defendant LAW Recovery violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. LAW Recovery committed misdemeanors by violating Bus. & Prof. Code §§ 7507.9 and 7501.10, and Bus. & Prof. Code § 7508.2(d), pursuant to Bus. & Prof. Code § 7502.1(a). LAW Recovery committed the crime of trespass in violation of Penal Code §§ 602(k) and (n). LAW Recovery committed the crime of vandalism in violation of Penal Code § 594 by maliciously damaging the entrance gate to the apartment complex where it repossessed plaintiff's vehicle.

29.     Defendant LAW Recovery violated Cal. Civ. Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f(6), by using unfair or unconscionable

6

means to collect or attempt to collect an alleged debt.

30. LAW Recovery violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692b and 1692c, by communicating with third parties about plaintiff's account or vehicle, without plaintiff's permission.

31. LAW Recovery violated Civil Code § 1788.12(b) by communicating information about a consumer debt to a member of plaintiff's family.

32. LAW Recovery violated Civil Code § 1788.11(b) by placing telephone calls without disclosing the caller's identity.

**Defendant Access' Rosenthal Act Violations**

33. Defendant Access violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. Access committed misdemeanors under Financial Code § 22753 by willfully violating the CFL.

34. Defendant Access violated Civil Code § 1788.14(b) by attempting to collect fees, charges, or expenses related to the alleged debt, which were not permitted by law.

35. Access violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692b and 1692c, by communicating with third parties about plaintiff's account or vehicle, without plaintiff's permission. Access is also vicariously liable for LAW Recovery's violations of this provision.

36. Access violated Civil Code § 1788.12(b) by communicating information about a consumer debt to a member of plaintiff's family. Access is also vicariously liable for LAW Recovery's violations of this provision.

37. Access is vicariously liable for LAW Recovery's violations of Civil Code § 1788.11(b).

38. Defendant Access violated Cal. Civ. Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by using, false, deceptive, or misleading representations or means in connection with collection of an alleged debt.

39. Defendant Access violated Cal. Civ. Code § 1788.17, incorporating by

7

reference 15 U.S.C. §§ 1692d, by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person.

40.   Defendant Access violated Cal. Civ. Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

41.   As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover his actual damages pursuant to Cal. Civ. Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Cal. Civ. Code § 1788.30(a).

42.   Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $2,000 per defendant pursuant to Cal. Civ. Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Cal. Civ. Code § 1788.30(b).

43.   Plaintiff is entitled to recover his attorneys fees and costs pursuant to Cal. Civ. Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Cal. Civ. Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### (Against All Defendants for Conversion)

44.   Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

45.   Plaintiff was entitled to immediate possession of his vehicle when it was repossessed by defendant LAW Recovery. Defendant LAW Recovery was not entitled to breach the peace or violate the Collateral Recovery Act in order to repossess the vehicle. Defendant LAW Recovery wrongfully deprived plaintiff of possession of his vehicle by repossessing it in breach of the peace and in violation of the Collateral Recovery Act.

46.   Plaintiff was entitled to immediate possession of his vehicle after it

8

was repossessed, pursuant to his statutory right to reinstate the contract under the CFL. Defendant Access wrongfully deprived plaintiff of possession of his vehicle by improperly denying him his right of reinstatement, and sending him a defective NOI which demanded unlawful charges.

47. Plaintiff was entitled to immediate possession of his vehicle after Access violated the CFL in the NOI and the cross-claim, because the loan and security interest were rendered void by operation of law. Access nevertheless has retained custody of plaintiff's vehicle and has stated it plans to "liquidate" it.

48. Defendant Access has converted the principal, interest and other charges plaintiff paid on the underlying title loan to its own use, after that loan became void or partially void, in violation of Financial Code §§ 22750 and 22751. Plaintiff is entitled to immediate possession of these funds pursuant to the CFL.

49. Plaintiff has suffered and is entitled to recover damages for defendants' conversions.

50. Defendants acted with malice, oppression, and/or fraud towards plaintiff, thereby entitling him to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

51. Plaintiff is informed and believes, and on that basis alleges, that defendant Access' President, Avishai Shraga, made the decision to deny plaintiff reinstatement, knowing that plaintiff had not concealed the vehicle nor removed it from the state. Shraga also made the decision to unlawfully retain plaintiff's vehicle and threaten to sell it, after the underlying loan was rendered void or partially void by operation of the CFL. Shraga also made the decision to retain the

9

principal, interest, and other charges plaintiff had paid on the loan, after the loan became void or partially void. Shraga made these decisions with malice, and in conscious disregard of plaintiff's rights.

52. Plaintiff is further informed and believes, and on that basis alleges, that defendant Access has a corporate policy of denying reinstatement to consumers after repossessing their vehicles for reasons not authorized by the CFL, and that defendant Access' President, Avishai Shraga, is the author of that malicious policy, which he consciously and knowingly implemented and continues to practice today, in conscious disregard of the rights of Access' customers.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages,
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: February 27, 2024      Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
      Alexander B. Trueblood

Attorneys for Plaintiff
DOUGLAS GALANTER

10